# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**REALTY EXECUTIVES**
**INTERNATIONAL, INC.**
        **Plaintiff,**

    v.                                                Case No. 07C250

**MIDTOWN REALTY LLC and**
**JOCELYN BECKHAM**
        **Defendants.**

## ORDER

On March 14, 2007, plaintiff brought this action against defendants Midtown Realty, LLC, and Jocelyn Beckham. The complaint alleged five counts against defendants: 1) breach of contract (against defendant Midtown only), 2) federal statutory trademark infringement in violation of 15 U.S.C. § 1114(1), 3) false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a), 4) unfair competition at common law, and 5) common law trademark infringement. Plaintiff claims that defendants continued to use plaintiff's trademarks after the franchise agreement which gave defendants a license to use the marks was terminated, thus violating plaintiff's rights in those marks.

On August 13, 2007, I entered an order for a permanent injunction prohibiting defendants from further infringement upon plaintiff's rights. Plaintiff then filed a motion for partial summary judgment, seeking an order confirming defendants' liability as to Counts

two through five and entitling plaintiff to attorneys fees and costs under 15 U.S.C. § 1117(a).[1]

Plaintiff filed its motion on August 14, 2007. Defendants failed to timely respond to the motion. On October 31, 2007, I issued an order advising defendants that if they failed to respond to plaintiff's motion for summary judgment by November 14, 2007, I would decide the motion without their input. Defendants did not and have not yet filed such a response. Therefore, under Civil Local Rule 56.2 (E.D. Wis.), defendants are deemed to have admitted all factual allegations in the plaintiff's proposed findings of fact accompanying its motion for partial summary judgment. As such, and considering the evidence submitted by plaintiff in support of its claim, I will grant plaintiff's motion for summary judgment with respect to the issue of liability under counts two through five in the complaint.

Pursuant to 15 U.S.C. § 1117(a), plaintiff is entitled to an award of costs.[2] Plaintiff's motion also seeks attorney's fees under the same statutory provision, which provides for an award of attorney's fees in exceptional cases. The Seventh Circuit has held that "exceptional cases" include those involving willful violations by the defendant and egregious conduct by a party in litigation. TE-TA-MA Truth Foundation-Family of URI, Inc. v. World Church of the Creator, 392 F.3d 248 (7th Cir. 2004); Badger Meter, Inc. v. Grinnell Corp., 13 F.3d 1145 (7th Cir. 1994); Gorenstein Enterprises, Inc. v. Quality

---

[1] Plaintiff's complaint also sought relief in the form of damages in an amount to be proven at trial, but the motion for partial summary judgment does not request such relief.

[2] Section 1117(a) provides that a prevailing plaintiff is entitled to costs for violations of rights associated with a federally registered trademark, as well as for violations of 15 U.S.C. § 1125(a).

2

Care-USA, Inc., 874 F.2d 431, 435 (7th Cir. 1989) (upholding award of attorney's fees where defendant continued to use plaintiff's trademarks after termination of the franchise and licensing agreement).

According to plaintiff's findings of fact, plaintiff gave defendants several notices of the termination of the franchise agreement and requests to cease and desist infringing activities, but defendants willfully and deliberately continued to violate plaintiff's rights by using plaintiff's trademarks and holding themselves out as affiliates of plaintiff after receiving these notices. (Pl.'s Findings of Fact ¶¶ 30-37.) Additionally, defendants in this case attempted to evade service of process, thereby causing plaintiff to incur substantial costs and fees, over $2000.00, in connection with accomplishing service of process. (Id. ¶ 42; Schlicht Aff. ¶¶ 3, 7-8, Aug. 14, 2007.) By failing to respond to the motion for summary judgment, defendants have waived any right to contradict these assertions. Therefore, in light of the above assertions of willful and deliberate infringement and bad faith conduct in litigation, I believe these actions constitute an "exceptional case" under 15 U.S.C. § 1117(a), thereby entitling plaintiff to attorney's fees.

Therefore,

**IT IS ORDERED** that plaintiff's motion for partial summary judgment is granted.

Dated at Milwaukee, Wisconsin this 9 day of January, 2008.

/s  
LYNN ADELMAN  
District Judge

3