UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**REALTY EXECUTIVES**
**INTERNATIONAL, INC.**
        **Plaintiff,**

    v.                                                          Case No. 07C250

**MIDTOWN REALTY LLC and**
**JOCELYN BECKHAM**
        **Defendants.**

## ORDER

On March 14, 2007, plaintiff brought this action against defendants Midtown Realty, LLC, and Jocelyn Beckham, alleging: 1) breach of contract (against defendant Midtown only), 2) federal statutory trademark infringement in violation of 15 U.S.C. § 1114(1), 3) false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a), 4) unfair competition at common law, and 5) common law trademark infringement. On August 13, 2007, I entered an order for a permanent injunction prohibiting defendants from further infringement upon plaintiff's rights. Plaintiff then filed a motion for partial summary judgment, seeking an order confirming defendants' liability as to counts two through five and entitling plaintiff to attorney fees and costs under 15 U.S.C. § 1117(a). Defendants failed to respond to plaintiff's motion, and on January 9, 2008, I granted plaintiff's motion. I found defendants liable as requested in the motion, and, because of defendants' willful infringement of plaintiff's trademark rights as well as defendants' conduct during litigation, I found that plaintiff was entitled to an award of attorney fees under 15 U.S.C. § 1117(a).

Before me now is plaintiff's request to enter judgment in its favor and its motion for attorney fees.[1] Defendants have again failed to respond.

In calculating reasonable attorney fees, I look to the number of hours reasonably expended on the case and the reasonable hourly rate for each individual involved. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Plaintiff has submitted affidavits and billing records from its attorneys documenting hours worked and setting forth the hourly billing rate for each individual who worked on the case.

As to the number of hours expended on the case, I see nothing in the billing records that appears unreasonable on its face, and defendants have not offered any arguments that the number of hours plaintiff's attorneys spent on this case–a total of 141.9 hours–is unreasonable. These hours encompassed research for and preparation of the fourteen-page complaint and over fifty pages of attached exhibits; motions for a preliminary injunction and a hearing, as well as briefs and affidavits in support of the motions; a draft of an order for permanent injunction; a motion for summary judgment, a twenty-one page brief, proposed findings of fact, and affidavits in support of the motion for summary judgment; and a motion for costs and attorney fees. Additionally, plaintiff's counsel spent a significant amount of time, by my calculations around fourteen hours, or ten percent of the total time billed in this case, attempting to serve defendants with process, which attempts were hindered by defendants' own conduct. After reviewing the itemized billing

---

[1] I did not enter a final judgment when I ruled on plaintiff's summary judgment motion, because it was unclear at the time whether plaintiff had abandoned its breach of contract claim and its claim for damages. Now, however, it is clear that plaintiff is no longer seeking relief beyond the permanent injunction already entered and the relief requested in the present motion, and it has abandoned its breach of contract claim against defendant Midtown.

statements, I find no indication that the hours billed were "excessive, redundant, or otherwise unnecessary." Id. at 434. Thus, in the absence of any objection by defendants, I find that the number of hours expended on this case is reasonable.

Turning now to the hourly rate, plaintiff has submitted affidavits and billing records reflecting the billing rates of the individuals who worked on this case. First, Attorney Jane Schlict submitted an affidavit stating that her standard hourly billing rate for intellectual property matters is $275. The best evidence of an attorney's market rate is her hourly rate, and for an attorney who mostly bills by the hour, the hourly rate is presumptively reasonable. People Who Care v. Rockford Bd. of Ed., 90 F.3d 1307, 1310 (7th Cir. 1996). The billing records also reflect consistent hourly rates of $125 for Attorney Dawson, $105 for Valerie Williams, a paralegal with nineteen years of experience, and $60 for L. Ross, who performed citechecking work in the case. Defendants have not argued that these rates are unreasonable. Additionally, Attorney Aaron Schepler submitted an affidavit attesting to the hourly billing rate contractually agreed to by plaintiff for Attorneys Schepler, Jeffrey Wolf, and Kimberly Warshawsky–$280, $380, and $220, respectively. The Seventh Circuit has noted that in awarding "reasonable" attorney fees, evidence of an hourly rate set by contract can be given "controlling weight" in determining a reasonable fee, see Assessment Technologies of WI, LLC v. Wiredata, Inc., 361 F.3d 434, 438-39 (7th Cir. 2004), and the defendants have not argued that these rates are unreasonable. Thus, I find that the above hourly billing rates are reasonable.[2]

---

[2] I have also compared the hourly rates in this case to an official publication by the Department of Justice which documents standard hourly billing rates. See http://www.usdoj.gov/usao/dc/Divisions/Civil_Division/Laffey_Matrix_7.html. The rates in this case, adjusted to reflect each individual's locality and level of experience, are less than

3

Defendants have not offered, nor do I discern, any reason to decrease the total award calculated using the above figures. Thus, I award attorney fees based on the following rates and hours: $11,000.00 for 40.0 hours of work by Attorney Jane Schlict, at a rate of $275.00 an hour; $1187.50 for 9.5 hours of work by Attorney James Dawson, at a rate of $125.00 an hour; $840.00 for 8.0 hours of work by paralegal Valerie Williams, at a rate of $105.00 an hour; $90.00 for 1.5 hours of work by L. Ross, at a rate of $60.00 an hour; $16,758.00 for 44.1 hours of work by Attorney Jeffrey Wolf, at a rate of $380.00 an hour; $8232.00 for 29.4 hours of work by Attorney Aaron Shepler, at a rate of $280.00 an hour; and $2068.00 for 9.4 hours of work by Attorney Kimberly Warshawsky, at a rate of $220.00 an hour. By my calculations, this results in total attorney fees of $40175.50.[3]

Therefore,

**IT IS ORDERED** that plaintiff's motion for attorney fees is **GRANTED**.

Dated at Milwaukee, Wisconsin this 2 day of May, 2008.

        /s
        LYNN ADELMAN
        District Judge

---

the standard rates. To adjust for the different localities, I used the Locality Pay Percentages used by the federal judiciary in adjusting pay based on locality. See http://jnet.ao.dcn/Human_Resources/Pay_Tables.html.

[3] This total deviates from the sum sought by plaintiff for attorney fees because of variations in the hourly billing rate used for some of the attorneys' work in plaintiff's calculations. To arrive at my total, where billing rates differed without explanation, I relied solely on the rates quoted in the affidavits accompanying the motion for attorney fees.